IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLAUDE W. BRADLEY,

    Plaintiff,

      v.

MARTA,

    Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-2082-TWT

## OPINION AND ORDER

This is an employment discrimination action. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 33] and the Plaintiff's Motion Requesting the Court's Dismissal Without Prejudice of This Action [Doc. 42]. For the reasons set forth below, the Plaintiff's Motion Requesting the Court's Dismissal Without Prejudice is GRANTED and the Defendant's Motion for Summary Judgment is DENIED as moot.

### I. Background

Plaintiff Claude Bradley filed this pro se employment discrimination action in 2013, claiming that Defendant MARTA had terminated his employment due to his

age.[1] At that point, the Plaintiff was unable to obtain counsel.[2] He eventually retained counsel in June of 2014.[3] After retaining counsel, the Plaintiff moved for an extension of discovery, which was denied.[4] Following the motion to extend discovery, the Defendant moved for summary judgment.[5]  Subsequently, the Plaintiff's counsel determined that this case should have been filed in state court under state law, instead of under Title VII, and made this Motion to Voluntarily Dismiss.[6] The Defendant opposes the Plaintiff's request to voluntarily dismiss.[7]

## II. Legal Standard

After the defendant has served an answer or a motion for summary judgment, a plaintiff may voluntarily dismiss an action "only by court order, on terms that the

---

[1]    Pl.'s Mot. Requesting the Court's Dismissal Without Prejudice of This Action, at 1; Pl.'s Compl. ¶ 6.

[2]    Pl.'s Mot. Requesting the Court's Dismissal Without Prejudice of This Action, at 1.

[3]    Id.

[4]    Id.

[5]    Def.'s Mot. for Summ. J.

[6]    Pl.'s Mot. Requesting the Court's Dismissal Without Prejudice of This Action, 1-2.

[7]    Def.'s Opp'n to Pl.'s Mot. to Voluntarily Dismiss Without Prejudice, at 1.

court considers proper."[8] A district court has broad discretion to grant or deny a voluntary dismissal.[9] "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*."[10] At bottom, the question is whether the defendant would "lose any substantial right by the dismissal."[11] The mere "annoyance of a second litigation upon the same subject matter"[12] or pendency of a summary judgment motion is not sufficient prejudice to deny a motion to voluntarily dismiss.[13]

## III. Discussion

The court has broad discretion to grant or deny a voluntary dismissal.[14] It must balance the equities in order to do justice between the parties.[15] This primarily requires

---

[8]     FED. R. CIV. P. 41(a)(2).

[9]     Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001).

[10]     McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis in original).

[11]     Durham v. Florida E. Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967).

[12]     Id. at 369.

[13]     Pontenberg, 252 F.3d at 1258.

[14]     Id. at 1256.

[15]     Id.

considering the interests of the defendant.[16] Any practical prejudice to the defendant, however, can be eliminated by imposing costs or conditions on the order of dismissal.[17] Unlike some other circuits, the Eleventh Circuit does not rely on a list of factors to examine when considering a Rule 41 motion.[18]

Here, the Defendant claims that a voluntary dismissal will cause it prejudice because it has incurred significant costs, expenses, and resources, and will potentially be subject to a second suit on the same subject matter.[19] Second, the Defendant asserts that the Plaintiff is attempting to avoid an adverse summary judgment ruling and gain more time to prosecute his suit.[20]

As to the claims regarding costs and a second suit, they are without merit. The Eleventh Circuit has specifically held that any prejudice incurred from litigation costs

---

[16]     McCants, 781 F.2d at 856 (citing LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976)).

[17]     Pontenberg, 252 F.3d at 1260.

[18]     Id. at 1258-59 (noting that the Eleventh Circuit has never specifically addressed or adopted the factors applied by the Seventh Circuit). The Defendant cites and relies on the Seventh Circuit case addressing the factors. Def.'s Br. in Opp'n to Pl.'s Mot. to Voluntarily Dismiss Without Prejudice, at 3-4. Given the Eleventh Circuit's rejection of the factors, the Defendant's reliance on that case is without merit.

[19]      Def.'s Br. in Opp'n to Pl.'s Mot. to Voluntarily Dismiss Without Prejudice, at 1.

[20]     Id. at 2.

may be remedied by conditioning the dismissal on payment of costs.[21] Similarly, the annoyance of a second suit does not warrant denying the Plaintiff a voluntary dismissal.[22]

The Defendant's second claim is one of delay and bad faith. In the Eleventh Circuit, "delay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice, even where a fully briefed summary judgment motion is pending."[23] Like in Pontenberg, where the voluntary dismissal was intended to cure defects in the suit, not just for delay or to avoid an adverse ruling,[24] the voluntary dismissal here is intended to ensure that the Plaintiff is raising the cause of action deemed most legally appropriate by his counsel.[25] There is no evidence of bad faith. In fact, the Plaintiff's counsel was not retained until June of this year.[26] The record reflects his desire to correct actions taken by the Plaintiff while acting pro se, not any attempt to

---

[21]     Pontenberg, 252 F.3d at 1260.

[22]     Id. at 1255; McCants, 781 F.2d at 856-57.

[23]     Pontenberg, 252 F.3d at 1259.

[24]     Id.

[25]     Pl.'s Mot. Requesting the Court's Dismissal Without Prejudice of This Action, 1-2.

[26]     Id. at 1.

circumvent rulings or cause undue delay.[27] The only potential prejudice to the Defendant is the possibility of a second suit and the costs already incurred. The possibility of a second suit is not clear prejudice. If the Plaintiff does re-file this suit, however, the Court may impose reasonable costs pursuant to Federal Rule of Civil Procedure 41(d) to alleviate any prejudice.

### IV. Conclusion

For these reasons, the Court GRANTS the Plaintiff's Motion Requesting the Court's Dismissal Without Prejudice [Doc. 42] and DENIES as moot the Defendant's Motion for Summary Judgment [Doc. 33].

SO ORDERED, this 8 day of September, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[27]     Id. at 1-2.